## H. H. MILLER INDUSTRIES CO. v. EMERY THOMPSON MACHINE & SUPPLY CO.

District Court, S. D. New York. October 2, 1928.

See, also, 18 F.(2d) 150.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds and R. Morton Adams, Both of New York City, of counsel), for plaintiff.

Clarence G. Galston, of New York City, for defendant.

HUTCHESON, District Judge. Plaintiff, a manufacturer of ice cream freezers, sues defendant, also a manufacturer of ice cream freezers, charging infringement of claims 7, 8, 10, 11, 12, 20, and 21 of letters

patent No. 945,570 for an invention and improvement in commercial ice cream freezers. It alleges that these claims, in a suit of the Creamery Package Co. v. Miller (C. C. A.) 6 F.(2d) 838, have been sustained as valid, and infringed by devices like those which defendant is using, and that all persons in the trade but defendant have recognized the validity of plaintiff's patent and plaintiff's rights thereunder.

Defendant meets plaintiff's contention, denying the validity of the patent claims and their infringement by it, insisting that, treated as a matter of first impression, the claims present merely nonpatentable aggregations of old and well-known elements, and that too much importance should not be attached to the prior decisions, because of the fact that those courts had not before them the whole of the prior art. They further say that, if the claims are valid, and if some of the devices from time to time used by the defendants do infringe, the form of machine now used by defendant is wholly outside of the patent's claims.

I have carefully examined the extensive and extended Miller file wrapper, with all of its references and discussions, and have considered the prior art and the testimony about it offered in this case, and if Miller's were only a paper patent, and as such were now examined by me in a nice and critical spirit, it might be difficult to clearly point out that his improvement was the result of invention, and not merely of mechanical skill.

The prima facies, however, of the patent grant, are strongly supported in this case, not only by the undoubted commercial success of this machine and the practically universal imitation of it by its competitors, but by the evidence of the prior art and the comment upon it adduced here; and I find nothing in this record which, under these circumstances, would justify me in rationalizing invention out of Miller's work, and placing my opinion as to the validity of the patent against the prima facies of the Patent Office, and the decisions of the Seventh Circuit.

I am therefore constrained to find, as they did, that the patent claims are valid, and, upon the admissions of defendant that they have been infringed, it remains only to consider whether defendant's device, now in use, which contains no specifically designated or separately designed ejector rod or blade, also infringes.

Plaintiff's patent called for the use, in a continuous batch process, of a combination having beater blades, scraper blades, and an ejecting mechanism, which mechanism performs the function of sweeping the cream forward to the outlet, so as to secure a rapid discharge by a strong flow from the cylinder.

Defendant's first devices, as to which infringement is conceded, embodied specific ejection elements variously designed for, or performing the single function of ejection. Defendant insists, therefore, that if plaintiff's device is patentable, because not a mere aggregation, but a combination which has achieved a new function, the patent certainly cannot be stretched to cover a device which contains some, and not all, of the members of that combination.

Plaintiff replies that, though it is true that its device did provide for an ejector blade, or ejector means combined with scraper and beater blades, still it is perfectly plain that defendant's device, as now used, though not provided with an element designated as, or performing solely the function of, an ejector, is so constructed and does so operate as to perform ejecting functions, and it declares that it is but keeping the promise to the ear, while it breaks it to the hope, to permit defendant to avoid the claim of infringement by performing through a mechanism effective to that end, though not containing an ejector as such, the same function which in the combination is the gist of plaintiff's patent.

Plaintiff points to the advertisement of the new Thompson freezer which declares that "in hundreds of trial runs we have discovered the best balanced design, with close-fitting and sharp-cutting scraper blades, that sweep the cream, without interfering bars, to the gate for more rapid emptying, and the spaddles assist in emptying the freezer in a fast, wide, unobstructed stream that saves time."

Now, if, as defendant contends, the Miller patent is only for a mechanism inclosed within a cylinder, which consists of beater, scraper, and ejecting blades, each separate in function, though joined in operation, and if the strength of the patent lies in the use of a specific ejecting element separate from the balance of the mechanism, then it might well be contended that the patent is invalidated by the use of the ejector in other and prior processes, or that, if valid, is to be most rigidly limited to that precise form.

If, on the other hand, as plaintiff contends, the invention is of a new device, by which continuous batch freezing, not theretofore obtained, is accomplished, the gist

422

and essence of which is a revolving mechanism so designed as that it will operate upon successive batches of cream fed into the cylinder, so that it can be frozen in batches, and in batches ejected, thus establishing and making possible the tremendous modern industry of commercial ice cream, then plaintiff should be given protection, not only in a narrow and literal fashion, but fully, to the extent of the thing devised; that is, a mechanism designed and adapted to perform two functions: (1) To properly agitate and freeze the cream in a continuous batch process; and (2) when frozen, by the use of part of the same mechanism which froze the cream, to eject it to make room for another batch.

This I believe the plaintiff has accomplished, and this I believe he should be protected in. Defendant in the beginning of the trial seemed to recognize that, if its mechanism furnished ejecting means, it would be held to have infringed, and it offered testimony to the effect that in the actual operation of their present device the frozen cream flowed from the cylinder by gravity. This being disputed by plaintiff's witnesses, it was arranged by agreement that the court, counsel, and witnesses should observe defendant's machine in actual commercial operation, and thereafter the results of that observation were testified to into the record.

From that testimony, and from that observation, I think it perfectly plain that defendant's device does, as plaintiff claims, perform with the mechanism within the cylinder, though without a specific ejector blade, the same ejecting function which plaintiff had showed him how to accomplish, and that his acts in using this mechanism are none the less an infringement because the precise form of plaintiff's device is carefully and painstakingly avoided.

Care should be taken not to unduly extend the monopoly which a patent affords, but, on the other hand, where a device has made the signal contribution to an industry which this one has, a court should be alert to protect the patentee from that kind of shrewdness which, avoiding the appearance of imitation in form, does appropriate the invention in fact.

Plaintiff's claims being valid, and defendant having in each of its devices infringed those claims, plaintiff should have a decree for an accounting, and, but for the fact that the patent has expired, should also have an injunction.